ORIGINAL
D&F
C/M
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ AUG 25 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
MARIO BARONE, GUISEPPE DIGIOVANNA,
individually and on behalf of all other persons
similarly situated who were employed by
SAFWAY STEEL PRODUCTS, INC. and/or
other entities affiliated or controllled by
SAFWAY STEEL PRODUCTS, INC. with
respect to certain Public Works Projects
awarded by THE CITY OF NEW YORK
and/or THE NEW YORK CITY HOUSING
AUTHORITY, THE NEW YORK CITY
DEPARTMENT OF DESIGN AND
CONSTRUCTION, THE STATE OF NEW
YORK, and OTHER FEDERAL, STATE, AND
LOCAL GOVERNMENT ENTITIES,

              Plaintiffs,

  -against-

SAFWAY STEEL PRODUCTS, INC. and
SAFWAY SERVICES, INC.,

              Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-03-4258(FB)

*Appearances:*
*For the Plaintiffs:*
LLOYD AMBINDER, ESQ.
111 Broadway, Suite 1403
New York, New York 10006

*For the Defendants:*
TOM BIANCO, ESQ.
390 North Broadway
Jericho, New York 11753

**BLOCK, District Judge:**

      Plaintiffs Mario Barone and Guiuseppe DiGiovanna submit an unopposed motion on behalf of themselves and all similarly situated individuals for class certification

1

pursuant to Federal Rule of Civil Procedure 23. Because plaintiffs have demonstrated that they meet the relevant requirements of Rule 23, the Court grants plaintiffs' motion.

## I.

According to plaintiffs' complaint, defendant Safway Services, Inc., formerly known as Safway Steel Products. Inc. (hereinafter "Safway"), is a Wisconsin corporation engaged in the general construction, bridging, and scaffold businesses. Plaintiffs are individuals residing in New York State who furnished labor to Safway, or to entities affiliated with or controlled by Safway, on various publicly financed construction projects. Plaintiffs filed suit against Safway in New York state court alleging that Safway failed to pay the prevailing rates of wages and supplemental benefits[1] required by New York state and federal law, including overtime compensation pursuant to the Fair Labor Standards Act, for work they performed on public works projects for various government entities including the City of New York, the New York City Housing Authority, the New York City School Construction Authority, the New York City Department of Design and Construction, and the State of New York. (Compl. ¶ 1)

The suit was removed to federal court on August 20, 2003. The parties subsequently advised the Court that they had completed pre-class certification discovery, and submitted a consent order to the Court stipulating to the certification of a class consisting of

> All individuals, including past or present employees of Safway who performed work on all publicly financed construction

---

[1] The "prevailing rate of wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between labor organizations and employers in the private sector. *See* N.Y. Labor Law § 220.

> projects in New York City between 1997 and 2003 where payment of prevailing wages and supplemental benefits was required to be paid pursuant to statute and/or contract. The Class shall not include any employee of Safway who did not perform manual labor on the publicly financed construction projects during the subject period including clerical, supervisory, managerial or executive employees.

During an informal status conference on January 19, 2005, following submission of the proposed consent order, the Court directed plaintiffs to file a brief and supporting declaration of class certification to enable the Court to make an independent determination regarding the appropriateness of class certification. *See, e.g., Shaffrey v. Winters*, 72 F.R.D. 191, 193, n.1 (S.D.N.Y. 1976) ("The propriety of class action certification may be considered by the court on its own initiative at any appropriate juncture in the lawsuit."). Plaintiffs thereafter submitted a Memorandum of Law and the sworn Declaration of plaintiffs' counsel Lloyd Ambinder; the Declaration describes the nature of the action against defendants, discusses the membership of the putative class, and provides information regarding the extent of plaintiffs' counsel's expertise in labor and employment law and experience in handling class actions. Upon review of these supporting documents and the allegations contained in plaintiffs' complaint, the Court concludes that certification of the class as defined above is appropriate.

## II.

### A. Standard of Review

The Second Circuit has directed district courts "to apply Rule 23 according to a liberal rather than a restrictive interpretation." *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 504 (S.D.N.Y. 1996) (citing *Korn v. Franchard Corp.*, 456 F.2d 1206, 1208-09 (2d Cir. 1972)). In determining whether certification of a class is appropriate, a court

should not conduct a preliminary inquiry into the merits of a suit. *See In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 133 (2d Cir. 2001) ("In determining the propriety of a class action the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.") (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)). Moreover, Rule 23 does "not mandate an evidentiary hearing in every case," and "pleadings and affidavits will normally suffice to supply the data required." *Wolfson v. Solomon*, 54 F.R.D. 584, 590 (S.D.N.Y. 1972). On a motion for class certification, "it is proper [for the district court] to accept the complaint allegations as true." *Shelter Realty Corp. v. Allied Maintenance Corp.*, 547 F.2d 656, 661 n.5 (2d Cir. 1978) (upholding district court's ruling on a motion for class certification on the basis of the complaint) (citing *Shane v. Madison Square Garden Corp.*, 491 F.2d 397, 398 (2d Cir. 1974), and *Green v. Wolf Corp.*, 406 F2d 291, 294 n.1 (2d Cir. 1968), *cert denied*, 395 U.S. 977 (1969)). *See also Velez v. Majik Cleaning Serv., Inc.*, 2005 WL 106895 at *1-2 (S.D.N.Y. 2005) (stating, in granting an unopposed motion for class certification, that "[t]he district court must accept all of the allegations in the pleadings as true"). District judges are "required to reassess their class rulings as the case develops," *Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999) (internal quotation marks omitted), and if the Court later determines that the requirements of Rule 23 are not met, it may decertify the class. *See Sirota v. Solitron Devices*, 673 F.2d 566, 572 (2d Cir. 1982).

**B. Requirements of Rule 23**

To obtain class certification under Rule 23, plaintiffs must demonstrate that the proposed class meets the requirements of numerosity, commonality, typicality, and

adequacy of representation set forth in Rule 23(a).[2] *See Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d Cir. 1997). Plaintiffs must also show that they meet one of the criteria set forth in Rule 23(b). *See id.* at 376. Plaintiffs in the present case seek class certification under Rule 23(b)(3), which allows certification of a class where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

**1. Rule 23(a) Requirements**

Plaintiffs satisfy each of the requirements set forth in Fed. R. Civ. P. 23(a)(1) - (4). The first requirement, numerosity, requires that a finding that the class is so numerous that joinder of all class members is impracticable. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Determination of practicability depends not upon mere numbers but upon all the circumstances surrounding the case, and relevant considerations include (1) judicial economy arising from avoidance of a multiplicity of actions; (2) geographic dispersion of class members; (3) financial resources of class members; (4) the ability of claimants to institute individual suits, and (5) requests for prospective injunctive relief which would involve future class members. *See id.* (citing *Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968); 1 Herbert B. Newberg, *Newberg on Class Actions: A Manual for Group Litigation at*

---

[2]Fed. R. Civ. P. 23(a) provides:

Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*Federal and State Levels* § 3.05, at 143 (2d ed. 1985)). "Impracticable" does not mean "impossible," and courts do not require evidence of exact class size or identity of class members to satisfy the numerosity requirement. *Id.* (citations omitted). Courts in this circuit have found joinder impracticable where the proposed class consisted of fewer than 40 individuals. *See King v. Carey*, 405 F. Supp. 41, 44 (W.D.N.Y. 1975) (38 members); *United States ex rel. Walker v. Mancusi*, 338 F. Supp. 311, 316 (W.D.N.Y. 1971), *aff'd on other grounds*, 467 F.2d 51 (2d Cir. 1972) (also 38 members). *See also Robidoux*, 987 F.2d at 936 (noting that "[a] leading treatise concludes, based on prevailing precedent, that the difficulty in joining as few as 40 class members should raise a presumption that joinder is impracticable." (citing 1 Newberg § 3.05, at 141-42)).

The Court determines that joinder of the individual plaintiffs would be sufficiently impracticable in respect to Rule 23(a)'s numerosity requirement. The putative class is estimated to contain "approximately 50 members," many of whom may be uneducated and unaware of their statutory rights. (Decl. of Lloyd R. Ambinder, ¶ 10) Plaintiffs assert that as a result of Safway's actions they have collectively suffered damages of approximately $400,000. Given the fact that the individual plaintiffs are alleged to have suffered a relatively small amount of damages, the expense of litigation would make it difficult for each plaintiff to pursue his or her claims individually. The difficulty inherent in pursuing a small claim on an individual basis may be further compounded in this case by plaintiffs' lack of education, resources, and legal sophistication.

Furthermore, consolidating the approximately 50 individual suits into a class action will serve judicial economy. *See Robidoux*, 981 F.2d at 935. The proposed class is well defined in time and scope, and an adjudication of the plaintiffs' claims as a group will save

the considerable time and expense that would be involved in individually adjudicating plaintiffs' claims. *See In re Agent Orange Prod. Liab. Litig.*, 100 F.R.D. 718, 724 (E.D.N.Y. 1983) (noting that class certification would serve the interests of judicial economy and result in the speedy and less expensive resolution of individual plaintiffs' claims).

Plaintiffs also satisfy Rule 23(a)(2)'s commonality requirement. "The commonality requirement is met if plaintiffs' grievances share a common question of law or fact." *Marisol A.*, 126 F.3d at 376. Here, plaintiffs allege a common wrong – that Safway failed to pay the prevailing wages and supplemental benefits required for public works contracts, and failed to ensure payment of overtime compensation. Plaintiffs' claims share numerous questions of law or fact, including, *inter alia*, (1) whether schedules of prevailing rates of wages and supplemental benefits were included in the public works contracts; (2) whether Safway posted notices at the job sites setting forth the overtime rates and prevailing wages; (3) whether Safway paid overtime compensation to the extent that the work was not subject to prevailing wages; (4) whether the contracts required the payment of prevailing wages; (5) whether the work performed by plaintiffs was "public work" as defined by the relevant statute; and (5) the rates of prevailing wages due to the plaintiffs. Given that Rule 23(a)(2) requires the existence of only a single common issue of law or fact, the existence of these common issues is clearly sufficient to meet rule 23(a)'s commonality requirement.

In order to satisfy the typicality requirement set forth in Rule 23(a)(3), the claims of the class representatives must be typical of those of the class; the requirement "'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Marisol*

*A.*, 126 F.3d at 376 (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux*, 987 F.2d at 936-37. *See also Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y. 1981) ("Typicality refers to the nature of the claim of the class representatives, and not to the specific facts from which the claim arose or relief is sought. ... Factual differences will not defeat class certification where the various claims arise from the same legal theory.").

Plaintiffs have demonstrated that they satisfy the typicality requirement. The named plaintiffs and proposed class members were all employed by Safway to provide labor on various public works projects, and each of the named plaintiffs and class members were injured through Safway's alleged underpayment in violation of state and federal law. The putative class members' claimed injuries therefore all stem from a common course of events that is not unique to the named plaintiffs. Each plaintiff alleges a violation of the same statutory rights and will seek to demonstrate Safway's liability through identical legal arguments regarding the applicability of the laws regarding prevailing wages and overtime compensation to the various public works projects upon which they were employed. Any differences in the amount of wages owed to individual plaintiffs and the dates worked by the plaintiffs do not render the claims of the named plaintiffs atypical. *See Robidoux*, 987 F.2d at 936-37.

Plaintiffs have also demonstrated that they will adequately represent the class, Rule 23(a)'s final requirement. In order to satisfy this requirement, the plaintiffs'

attorney must be "qualified, experienced, and generally able to conduct the proposed litigation," and the named plaintiffs must not have interests antagonistic to those of the remainder of the class. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968). "[T]he representative party cannot be said to have an affirmative duty to demonstrate that the whole or a majority of the class considers his representation adequate. Nor can silence be taken as a sign of disapproval." *Id.* at 563. The Court is satisfied, given the information in the Declaration of Lloyd Ambinder regarding the expertise of plaintiffs' counsel, that counsel is sufficiently experienced in class actions and in the areas of labor and employment law to enable a fair and adequate representation of the proposed class. Furthermore, there is no indication that the named plaintiffs have interests that are at odds with the remainder of the putative class; the named plaintiffs seek the same relief as the rest of the class. *See Marisol A.*, 126 F.3d at 378.

**2. Rule 23(b)(3)**

Before certifying a class under Rule 23(b)(3), the court is required to make two determinations: (1) that questions of law or fact common to the class predominate over questions affecting individual members, and (2) that the class action is "superior to other available methods for the fair and efficient adjudication of the controversy." *Eisen*, 391 F.2d at 565 (citing Fed. R. Civ. P. 23(b)(3)). Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues. *See In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d 124, 139 (2d Cir. 2001). *See also Fisher*, 103 F.R.D. at 157 ("courts determining whether common questions predominate 'focus on the liability issues as opposed to individual questions such as reliance and damages'" (citing *Dura-Bilt*, 89 F.R.D. at 87, 93)); *Dura-Bilt*, 89 F.R.D. at 96 ("where . . .

9

plaintiffs' allegations relate to a common course of conduct, . . . common issues predominate over any individual issues"). Evaluating whether a class action under 23(b)(3) is superior to other methods of adjudication

> involves an assessment of various factors, including among others, (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

*Eisen*, 391 F.2d at 565 (citing Fed. R. Civ. P. 23(b)(3)). "[F]ailure to certify an action under Rule 23(b)(3) on the sole ground that it would be unmanageable is disfavored and 'should be the exception rather than the rule.'" *In re Visa Check/Mastermoney*, 280 F.3d at 140.

Plaintiffs have demonstrated that they satisfy the requirements of Rule 23(b)(3). With respect to Rule 23(b)(3)'s first requirement, issues common to the entire class predominate over those elements that require an individualized inquiry. Plaintiffs have alleged injury resulting from a common course of conduct, which is Safway's failure to pay the amount required by law on public works projects. In order to prove their case, plaintiffs must establish that defendants had a statutory duty to pay the prevailing rate, or to pay overtime when the prevailing rate was not applicable, and that Safway breached that duty. While there may be individual differences with respect to the number of hours worked by individual plaintiffs at various sites and therefore in the amount of damages owing to each plaintiff, these individual inquires do not prevent common issues from predominating. *See In re Visa Check/Mastermoney*, 280 F.3d at 140 (finding predominance

requirement met where plaintiffs could prove most elements of claim on a class-wide basis and where only issues that would require individualized inquiry were damages and mitigation). Because the elements plaintiffs must prove are overwhelmingly common to the entire class and plaintiffs can therefore prove liability on a class-wide basis, the Court finds that common issues predominate. *See id.* at 139.

The Court also concludes, for reasons underlying its determination regarding the practicability of joinder under Rule 23(a), that a class action would be superior to "other available methods for the fair and efficient adjudication of the controversy." *Eisen*, 391 F.2d at 565. As discussed above, the extent of the plaintiffs' education, resources, and legal sophistication, coupled with the small size of each plaintiff's claim, may make individual suits difficult to pursue and may render a class action the only avenue by which the individual plaintiffs are able to seek legal redress. The Court also recognizes, as noted above, that class certification will serve judicial economy by avoiding the time and expense associated with a separate adjudication of each plaintiff's claims. The Court is unaware of any other litigation commenced by or against the class members, and given the fact that the class is small and well-defined, finds that the difficulties in managing this controversy as a class action would not be great.

### 3. Notice to Class Members

Where a class is certified under Rule 23(b)(3), "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). *See also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) ("the express language and intent of Rule 23(c)(2) leave no doubt that individual notice must be provided to those class

members who are identifiable through reasonable effort"). The Court concludes that the names and addresses of the approximately 50 class members who were employed by Safway on public works projects during from 1997 to 2003 can be identified through reasonable effort on the part of plaintiffs, and that individual notice of the class action must be mailed to each. *See Peters v. National Railroad Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) ("notice by first class mail ordinarily satisfies rule 23(c)(2)'s requirement that class members receive 'the best notice practicable under the circumstances'" (citing *Eisen*, 417 U.S. at 173-75)). The expense of giving notice must be paid by plaintiffs. *See Abrams v. Interco, Inc.*, 719 F.2d 23, 30 (2d Cir. 1983).

## CONCLUSION

1. Certification of this matter as a class action under Federal Rule of Civil Procedure 23(b)(3) is granted.

2. Plaintiff class is defined as all individuals, including past or present employees of Safway who performed work on all publicly financed construction projects in New York City between 1997 and 2003 where payment of prevailing wages and supplemental benefits was required to be paid pursuant to statute and/or contract. The class shall not include any employee of Safway who did not perform manual labor on the publicly financed construction projects during the subject period including clerical, supervisory, managerial or executive employees.

3. At plaintiffs' expense, individual notice shall be provided to all class members via first class mail.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
August 23, 2005